82 F.3d 433
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Floyd G. JORDAN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3536.
 United States Court of Appeals, Federal Circuit.
 March 13, 1996.
 
 Before NEWMAN, MAYER, and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Floyd G. Jordan seeks review of a decision of the Merit Systems Protection Board (Board), Docket No. CH-0752-95-0019-I-1, entering a settlement agreement into the record and dismissing his appeal. We affirm.
 
 DISCUSSION
 
 2
 In July 1994, the United States Postal Service (agency) issued a notice of proposed removal charging Mr. Jordan with using leave without pay for the purpose of trying out or accepting other employment. After considering Jordan's written response, the agency issued a letter of decision in September 1994, informing Jordan that he would be removed effective September 16. Jordan filed an appeal with the Board and the matter was scheduled for a hearing on December 19, 1994. At a prehearing conference on the day of the hearing, the parties agreed to settle the matter. A written settlement agreement, signed by Mr. Jordan, his attorney, and an agency representative, provides that Jordan resigns from the agency effective September 16, 1994.
 
 
 3
 In an initial decision issued December 19, 1994, the administrative judge found that the agreement is lawful and that the parties entered into the agreement voluntarily and with understanding of its terms. Consequently, the administrative judge entered the settlement agreement into the record and dismissed the appeal. On January 13, 1995, Jordan filed a "petition to vacate settlement agreement and set cause for hearing" with the regional office of the Board. The petition was forwarded to the full Board as a petition for review, and Jordan appeals the Board's denial of the petition.
 
 
 4
 Jordan argues that he did not understand that his violating the agency's rules governing Family and Medical Leave could also jeopardize his simultaneous employment with the Chicago Police Department (the Department had a rule prohibiting probationary employees from having secondary employment). Jordan asserts that because that fact was not part of the negotiations between himself and the agency, the settlement was based on mutual mistake, and subject to unilateral revocation. We are unpersuaded. That there were collateral consequences to his actions, whether anticipated or not, has no bearing on the question of whether Jordan violated the agency's rules, and whether the settlement regarding that violation was freely entered into. Jordan has not met his burden of proving that the Board's decision to dismiss the appeal was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (1994).
 
 COSTS
 
 5
 Each party to bear its own costs.